```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
 UNITED STATES OF AMERICA                :
                                         :    19cr91-12 (DLC)
             -v-                         :
                                         :    MEMORANDUM OPINION
 JHON CAHUANA-BARRIENTOS,                :         AND ORDER
                                         :
                         Defendant.      :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

Defendant Jhon Cahuana-Barrientos was sentenced on September 5, 2024, principally to a term of imprisonment of 120 months. He has filed a motion for a reduction of his sentence and for compassionate release. For the following reasons, the motion is denied.

## **Background**

The defendant was charged in 2020 with conspiring to import cocaine into the United States and conspiring to use machineguns in furtherance of drug trafficking, in violation of 21 U.S.C. § 963, 18 U.S.C. § 3238, and 18 U.S.C. § 924(o). He was arrested in Colombia in March of 2021 and extradited to the United States in November of 2023. On May 20, 2024, he pleaded guilty to the importation of cocaine pursuant to a plea agreement with the Government. The plea was to a lesser

included offense carrying a mandatory minimum term of imprisonment of five years.

The defendant conspired with senior Bolivian government and law enforcement officials to transport more than a thousand kilograms of cocaine into the United States. At his sentencing, the Court found that he played a significant role in this enormous transaction. At a meeting to further the scheme that was held in 2019, he demonstrated his knowledge about how the scheme would work, gave advice with respect to courses of action, and displayed his knowledge about pricing and risks related to the scheme.

In a submission received on May 9, 2025 and another submission received on August 19, the defendant has moved pro se for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). He relies on Amendments 821 and 826[1] to the United States Sentencing Guidelines, and also claims that the § 3553(a) factors support a reduction. In addition, the defendant appears to request compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

---

[1] The defendant's May 9 submission refers to Amendment 829, but it is apparent that those are intended to be references to Amendment 826.

**Discussion**

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), a district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.G. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for

defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021). A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding. Dillon, 560 U.S. at 827.

Even when a defendant is eligible for a reduction, "a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)." United States v. Brooks, 891 F.3d 432, 436 (2018) (addressing a denial to reduce a sentence pursuant to Amendment 782). In deciding whether to reduce a sentence, a court should consider "how it would have sentenced" the defendant if the newly-calculated Guidelines range had been in effect at the time of the original sentence. Id. at 437. If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence. Id.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Among other changes, Amendment 821 provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified exclusions. Amendment 821 was informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower recidivism rates" than other offenders, including those with one

criminal history point.  The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the amendment. U.S.S.G. App. C, Amendment 821, Reason for Amendment.  The Sentencing Commission explained also that the exclusion criteria were informed by data analyses, public comment and existing legislation.  U.S.S.G. App. C, Amendment 821, Reason for Amendment.

Amendment 826 to the Sentencing Guidelines went into effect on November 1, 2024, and does not apply retroactively.  It states that "relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct establishes, in whole or in part, the instant offense of conviction."  U.S.S.G. § 1B1.3(c).

A court may grant compassionate release if an inmate has exhausted his administrative remedies, "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Even if the Court finds that "extraordinary and compelling reasons" are present, it must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) before reducing the sentence. United States v. Fernandez, 104 F.4th 420, 426-27 (2d Cir. 2024) (citing 18 U.S.C. § 3582(c)(1)(A)).

There is no basis for a reduction of the defendant's sentence. Amendment 821 cannot support the defendant's request, as it was fully in effect at the time of his sentencing and applied by the Court when it determined that the defendant's offense level was 35. The resulting guidelines range was 168 to 210 months. The defendant was sentenced to 120 months' imprisonment, which is below the bottom of this range. The defendant therefore is not entitled by Amendment 821 to any further decrease in his sentence.

Amendment 826 also does not support the defendant's request. That amendment does not apply retroactively. Moreover, the defendant was not acquitted on any charge at trial.

The defendant also does not support his request for compassionate release. He has not identified any extraordinary circumstances that justify his compassionate release.

Furthermore, the § 3553(a) factors preclude either a reduction in the defendant's sentence or compassionate release. He was involved in an enormous cocaine trafficking operation. He has already been given a substantial sentencing reduction because of careful consideration of § 3553(a) factors. No further reduction is warranted.

## Conclusion

The defendant's motion for a reduction of his sentence and for compassionate release is denied. The defendant having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to mail a copy of this Opinion to the defendant and note service on the docket.

Dated:   New York, New York
         September 24, 2025

                                    _____
                                              DENISE COTE
                                    United States District Judge